**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1999**

FILED

March 15, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9712-CR-00567** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CHERYL BLACKBURN** |
| **MONROE JOE HARGROVE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Disorderly Conduct, Resisting Arrest, |
| | ) | Assault) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF DAVIDSON COUNTY**

FOR THE APPELLANT:

SAM WALLACE, SR.
227 Second Avenue North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

SHARON BROX
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1469

OPINION FILED _____

AFFIRMED IN ACCORDANCE WITH RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Defendant was convicted of the misdemeanor offenses of disorderly conduct, evading arrest, resisting arrest, and three counts of assault. In this appeal he argues that the evidence introduced against him is insufficient to support his convictions and that he received an excessive sentence. We disagree and affirm the judgment of the trial court.

Following an evening of drinking beer and shooting pool, the Defendant, along with his wife and other parties, arrived at a Waffle House restaurant in Nashville at about 4:00 a.m. to have breakfast. Some sort of an altercation took place at this Waffle House, and the police were summoned. When the police arrived, the Defendant and his party were on their way to a second Waffle House restaurant. The police went to the second Waffle House restaurant where they found the Defendant and his companions. One of the officers testified that the employees of the second Waffle House restaurant told the police that the Defendant's group was causing trouble and that they wanted them to leave the restaurant.

All of the charges against the Defendant arose from the efforts of four or more police officers to persuade the Defendant and his group to leave and the subsequent efforts of the police to arrest the Defendant for disorderly conduct. According to the testimony of the police officers, the Defendant struck them, yelled at them, threatened them in an aggressive manner, fought them, ran from them, and eventually had to be forcefully thrown to the ground and handcuffed

in order to effectuate his arrest. The testimony of the Defendant and his witnesses contradicted the testimony of the police officers on almost every detail.

The Defendant argues that the evidence presented at trial is insufficient to support his convictions. He argues that the evidence is "pure and simple" that the incident was provoked by the police officers who are given "special treatment by the Waffle House Restaurants insofar as paying for food and so forth." We believe that the testimony of the police officers establishes the elements of the offenses of which the Defendant was convicted. The only real issue concerns the credibility of the witnesses. The trier of fact resolved the issues in favor of the State and this Court may not reweigh or reevaluate the evidence.

The trial judge sentenced the Defendant to eleven months and twenty-nine days in the county jail for the evading arrest conviction and for each of the assault convictions. She sentenced the Defendant to six months for resisting arrest and to thirty days for disorderly conduct. Two of the sentences for eleven months and twenty-nine days were ordered served consecutive to each other, which provided an effective sentence of approximately two years. In sentencing the Defendant, the trial judge noted the Defendant's extensive record of criminal activity, his attitude, and the circumstances of the offense. The Defendant's prior record of convictions includes three convictions for aggravated assault, one conviction for evading arrest, one conviction for DUI, and one conviction for disorderly conduct. The presentence report lists twenty-two additional charges which were either dismissed or for which the disposition is unknown. At the time of sentencing, the Defendant had a "domestic charge" pending against him. At the sentencing hearing, the Defendant insisted that he was innocent of the crimes for which he had been convicted and said he was not guilty "in [his] own heart."

We conclude that the evidence presented is sufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt.  We further conclude that no error of law requiring a reversal of the judgment is apparent on the record.  Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE